**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Reginald Vaughn Lawrence Brown,<br><br>  Defendant. | No. CR-17-00706-001-PHX-DJH<br><br>**ORDER** |

The Defendant, *pro se*, has filed a Motion to Reduce Sentence or for Early Release – First Step Act (COVID-19) (document titled "Motion to Modify Sentencing Conditions – Request for 5 months halfway house – Phoenix") (Doc. 101), and the Government has filed a Response (Doc. 103). No Reply has been filed, and the time to do so has expired. For the reasons stated herein, the Court denies the Defendant's Motion.

**I.   Background**

On August 9, 2017, the Defendant pleaded guilty to Transporting Individual to Engage in Prostitution (Doc. 30) and on November 6, 2017, this Court sentenced him to 12 months in prison followed by 3 years of supervised release (Doc. 40). The Defendant's supervised release has been revoked twice for violations of the terms and conditions of his release. (Docs. 57; 90). First, on November 20, 2019, the Defendant was sentenced to 8 months in prison followed by 28 months of supervised release for the use or possession of marijuana in violation of his supervised release. (Doc. 57). Then, on October 29, 2021, the Court again revoked the Defendant's supervised release for failure to notify his

supervising officer after being questioned by law enforcement. (Doc. 90). The Defendant requested terminal disposition with no supervised release tail, and the Court considered this in imposing an 11-month sentence with no term of supervised release to follow. (Docs. 90, Doc. 97 at 8:17-25). The Defendant is currently in Bureau of Prison's custody with an anticipated release date of July 13, 2022.

The Defendant brings his Motion for Compassionate Release due to the COVID-19 pandemic, arguing that quarantine status deprives him of "due process" and that early release will give him the opportunity to resolve family issues.

## II. Legal Standards

The Defendant requests the last five months of his prison sentence be modified with a five-month assignment to a halfway house. (Doc. 101). Generally, this Court "may not modify a term of imprisonment once it has been imposed" with few exceptions. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Here, the Defendant's Motion invokes the exception that allows a court to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without the conditions that does not exceed the unserved portion of the original term of imprisonment) [.]" 18 U.S.C. § 3582(c)(1)(A). This exception may be brought by the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal[.]" *Id*.

### a. Exhaustion of Administrative Remedies

This Court may only hear a defendant's request for compassionate release, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This specific language from Congress is not waivable, and "exhaustion is not merely appropriate, but required." *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

/ / /

### b. Extraordinary and Compelling Reasons

Upon exhaustion of administrative remedies, defendant is then required to show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(ii). The Sentencing Commission has looked to several factors in the determination of an "extraordinary and compelling reason" for compassionate release to include considerations of 1) a defendant's serious advanced illness or medical condition; 2) whether the defendant is at least 65 and experiencing physical or mental health problems due to his/her advanced age, and the length of time incarcerated; 3) specific family circumstances; and 4) other reasons as determined appropriate by the Director of the BOP. See U.S.S.G. § 1B1.13 cmt. 1(A)–(B). However, the Sentencing Commission has not updated U.S.S.G. § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) in 2018. The Ninth Circuit has therefore held, that when a compassionate release motion is brought forth by a defendant, U.S.S.G. § 1B1.13 is not a binding "applicable policy statement." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, the Sentencing Commission's guidelines may inform, but do not bind this Court. *Id*.

The Court must also "consider [ ] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

### III. Analysis

In his Motion, Defendant refers to an inability to conduct legal research or communicate with legal counsel while in quarantine status. (Doc. 101). The Court could construe this as a due process claim. Indeed, at the time the Defendant brought his Motion, he was pursuing an appeal of his sentence at the Ninth Circuit. (Doc. 91). The Defendant,

however, has voluntarily dismissed his appeal. (Doc. 104). Therefore, the Court shall construe the Defendant's Motion as a Motion for Compassionate Release.

The Defendant has not shown that he has filed an administrative request for compassionate release with the warden of his facility, and he has made no argument for why the requirement for such a request should be waived. (Doc. 101). The requirement for exhaustion is stringent and a "court may not excuse a defendant's failure to comply with a statutory exhaustion requirement." *United States v. Fuentes*, 834 F.App'x 414, 415 (9th Cir. 2021). Because the Defendant has not exhausted his administrative remedies, the Court finds that Defendant's Motion fails procedurally. Therefore, the Court need not make meritorious determinations of Defendant's arguments for sentence modification.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (Doc. 101) is **denied**.

Dated this 30th day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge